CSD 1172 (Page 2) [07/01/18]
Name, Address, Telephone No, & I.D. No.

**Dane Exnowski, SBN 281996**
**McCalla Raymer Leibert Pierce, LLP**
**301 E. Ocean Boulevard, Suite 1720**
**Long Beach, CA 90802**
**Telephone: 562-661-5060**
Fax: 312-803-9663
Dane.Exnowski@mccalla.com
**Attorney for Secured Creditor**

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF CALIFORNIA
325 West "F" Street, San Diego, California 92101-6991

In Re
**Klara Gianna Gallusz,**

Debtor.

Bankruptcy Case No. **25-01678-JBM13**
§341(a) Mtg. Date: May 30, 2025
§341(a) Mtg. Date: 10:15 a.m.

## OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN

TO THE DEBTOR, THE DEBTOR'S ATTORNEY AND THE CHAPTER 13 TRUSTEE:

☒ **Michael Koch**, Chapter 13 Trustee

☒ **LPP MORTGAGE,INC. F/K/A LPP MORTGAGE LTD**
   <u>1 Corporate Drive</u>
   <u>Suite 360</u>
   <u>Lake Zurich, IL 60047-8924</u>
   a creditor in this case,

hereby objects to the Confirmation of the Chapter 13 Plan. The basis for the objection is stated below.

**(Note To Objecting Party: Your Statement of Objection must be as specific as possible. Check only those sections which are applicable to your objection and provide an explanation of your objection where requested**):

1.  ☐   The Plan discriminates unfairly against the class(es) of unsecured claims because .

    [§1322(b)(1)]

2.  ☒   The Plan modifies the rights of a creditor whose claim is secured only by a security interest in real property that is the Debtor's principal residence by providing that .

    [§1322(b)(2)]

    **See attached page.**

3.  ☒   The Plan fails to provide for the curing of a default and maintenance payments on a secured or unsecured claim on final payment is due after the proposed final payment under the Plan. [§1322(b)(5)]

CSD 1172

CSD 1172 (Page 2) [07/01/18]
Name, Address, Telephone No, & I.D. No.

**Secured Creditor's Proof of Claim is forthcoming. The approximate pre-petition arrearage is in the amount of $63,610.30. Secured Creditor's claim is Secured by the real property commonly known as: 3050 RUE D' ORLEANS, San Diego, CA 92110.**

4. ☒ The Chapter 13 Plan is not proposed in good faith because.

   **See attached page.** [§1325(a)(3)]

5. ☐ The Debtor is distributing less to the allowed unsecured creditors than they would receive under a Chapter 7 liquidation. [§ 1325(a)(4)]

6. ☐ Objecting creditor has an allowed secured claim and objects because:

   ☐ I have not accepted the Plan. [§1325(a)(5)(A)], OR

   ☐ The Plan fails to provide for a retention of lien securing my claim and the value of the property to be distributed to me is less than the allowed amount of my claim. [§1325(a)(5)(B)]

   Amount of Claim   $ _____

   Value of Property   $. _____   OR

   ☐ the Debtor has failed to surrender to me the property securing my claim. [§1325(a)(5)(C)]

7. ☒ The Debtor has no ability to make the payments proposed by the Plan because: **Debtor's net income per Schedule J is negative.**

8. ☐ The Debtor has failed to apply all projected disposable income to Plan payments

CSD 1172

CSD 1172 (Page 2) [07/01/18]
Name, Address, Telephone No, & I.D. No.

       for a period of not less than three years. [§1325(b)(1)(B)]

9. ☐ The Debtor has failed to begin making payments prescribed in the Plan within thirty (30) days of the filing of the Plan. [§1326(a)(1)]

10. ☐ Other [cite applicable Code section or case authority]: .

      I hereby certify under penalty of perjury that I have this date mailed a true copy of this Objection to Plan to the attorney for the Debtor and to the assigned Chapter 13 trustee as indicated below and the following address:

Attorney for Debtor

Klara Gianna Gallusz
3639 Midway Drive
408
San Diego, CA 92110

Chapter 13 Trustee (via ecf)
Michael Koch
mkoch@ch13.sdcoxmail.com

Dated: June 12, 2025

Respectfully Submitted,
McCalla Raymer Leibert Pierce, LLP

By: /s/Dane Exnowski

Attorney for Secured Creditor
301 E. Ocean Boulevard, Suite 1720
Long Beach, CA 90802

CSD 1172

CSD 1172 (Page 2) [07/01/18]
Name, Address, Telephone No, & I.D. No.

# CONTINUATION PAGE

**Secured Creditor's claim is Secured by the real property commonly known as: 3050 RUE D' ORLEANS, San Diego, CA 92110. The approximate pre-petition arrearage is in the amount of $63,610.30.**

**As a brief background, the Debtor has sued Movant [currently pending as Gallusz v. LPP Mortgage, Inc., 3:25-cv-00885-JLS-BLM, U.S. District Court Southern District of California; motion to dismiss pending]. The Debtor's proposed chapter 13 [docket 14] is an inequitable placeholder plan.**

**Rather than proposing payment to Movant (with any funds being held by the trustee pending order from this Court), the Plan simply references the litigation and proposes nothing to Movant. This violates of the anti-modification provision of 11 U.S.C. § 1332(b)(2) as the Plan effectively forbears and/or ceases payment on the loan indefinitely. Moreover, the purpose of chapter 13 is reorganization and not a mechanism to obtain an injunction to gain an unfair advantage in the non-bankruptcy forum litigation. It is evident that Debtor has no intention to reorganize Movant's debt but simply filed this bankruptcy to impose additional, inequitable hurdles against Secured Creditor.**

**Finally, Secured Creditor notes that any attempt to cure arrears or even maintain ongoing contractual payments to Secured Creditor is patently infeasible; the Debtor's net income per Schedule j is negative. As Secured Creditor's claim is protected from modification under 11 USC § 1322(b)(2)**, **the Debtor has to,** *at the very least*, **maintain ongoing contractual payments pending any attempt to cure. By her own admission, the Debtor cannot do so. Thus, the plan violates 11 U.S.C. § 1325(a)(6).**

**To note, the Debtor alleges in her Plan that she disputes the debt. However, this is not in good faith: the subject loan was originated in 2005 and the Loan is due for the April 1, 2024 payment. Accordingly, Debtor has apparently been paying on the Loan for approximately 19 years and it is only when the Debtor defaults on the loan that she now allegedly dispute the debt. Accordingly, any such argument by Debtor should not be given minimal, if any, weight, in connection with the issue of plan confirmation and confirmation should be denied. In addition, it is unclear if Debtor even still owns this property; she apparently executed a deed in favor of 'The Libertas Imperium Trust,' likely in an attempt to delay, hinder, and/or defraud Secured Creditor.**

**In addition, the Debtor has not acted in good faith as evidenced by her March 3, 2025 tendering of a falsified check in an attempt to payoff the loan. The fake check was cobbled together on bank quality paper, but identified a non-consenting bank, ABA routing number and account number that were false.**

CSD 1172