1  Klara Gianna Gallusz
   3639 Midway Drive, Unit 408
2  San Diego, CA 92110
3  619-916-9215
   Klara Gianna Gallusz, Pro Se
4

FILED B C

2025 JUL -7  AM 10: 00

CLERK
U.S. BANKRUPTCY CT.
SO DIST. OF CALIF.

5

6                **UNITED STATES BANKRUPTCY COURT**

7                **SOUTHERN DISTRICT OF CALIFORNIA**

8

9                                          | Case No.: 25-01678-JBM13

10  In Re:                                  | Chapter 13

11  KLARA GIANNA GALLUSZ                     | Hon. J. Barrett Marum

12

13                                          | **DEBTOR'S MOTION TO STRIKE FILINGS**

14                                          | **BY LPP MORTGAGE, INC. AND TO BAR**

15                                          | **FURTHER PLEADINGS ABSENT A FILED**

16                                          | **PROOF OF CLAIM**

17          Debtor:                          | [Hearing Requested for: July 29, 2025

18                                          |  at 10:00 a.m. to coincide with hearing on

19                                          |  Objection to Chapter 13 Plan]

20                                          | [Refiled with Corrected Notice of Motion

21                                          |  Pursuant to Clerk's NTF (Doc 64)]

22

23

24  **DEBTOR'S MOTION TO STRIKE FILINGS BY LPP MORTGAGE, INC. AND TO BAR**

25      **FURTHER PLEADINGS ABSENT A FILED PROOF OF CLAIM**

26

27  TO THE HONORABLE J. BARRETT MARUM AND UNITED STATES BANKRUPTCY

28  COURT:

01678 mot
68 C

1   Debtor, Klara Gianna Gallusz, appearing pro se, respectfully moves this Court to strike all filings

2   submitted by LPP Mortgage, Inc. and to bar the creditor from further participation in this case

3
    unless and until it files a valid Proof of Claim pursuant to Rule 3001 of the Federal Rules of
4
5   Bankruptcy Procedure. Movant has invoked the authority of this Court repeatedly, without

6   satisfying the most basic procedural requirement for creditor standing. Its continued participation

7   is improper, prejudicial, and must be addressed.

8   **I. INTRODUCTION**

9   LPP Mortgage, Inc. has not filed a Proof of Claim in this case. Yet despite lacking that threshold
10
11  filing, it has submitted multiple pleadings seeking substantive outcomes, including:

12      • Docket No. 24 – Objection to Confirmation of Chapter 13 Plan

13      • Docket Nos. 33-1 and 33-2 – Motion for Relief from Stay under 11 U.S.C. § 362(d)

14
        • Docket No. 35 – Response to Debtor's Motion to Continue Hearing
15
16  Each of these filings asks the Court to rule on contested matters that directly affect the

17  administration of the case and the Debtor's property rights. However, Movant has neither filed a

18  claim nor submitted any admissible evidence establishing that it holds a valid debt or possesses

19  standing to participate in these proceedings.
20
21  This is not a mere oversight. It is a pattern of unauthorized participation that circumvents the

22  rules governing creditor standing and proof requirements. The Court has both the authority and

23  the obligation to intervene and restore procedural order.

24  **II. FAILURE TO FILE A CLAIM BARS PARTICIPATION**

25  Under Rule 3001 of the Federal Rules of Bankruptcy Procedure, a creditor must file a Proof of

26  Claim in order to be recognized and to participate in case administration. Courts have

27
28  consistently held that failure to file a claim deprives a party of standing to object to confirmation,

1  move for relief from stay, or otherwise assert rights in the bankruptcy case. See In re Heath, 331

2  B.R. 424 (9th Cir. B.A.P. 2005).

3  Here, LPP Mortgage has filed no claim. It has offered no evidence of ownership. It has not

4  produced the original promissory note. It has not filed a lost note affidavit. It has not

5

6  authenticated any assignments. Yet it has made multiple appearances seeking judicial relief as if

7  those facts are presumed.

8  Standing is not presumed. It must be proven. Movant has not done so.

9  **III. PRIOR ADMISSION OF LITIGATION STRATEGY**

10  As detailed in Debtor's prior filing and attached Exhibit A, Movant's counsel, Dane W.

11  Exnowski, authored a public article describing a strategy of filing placeholder objections in

12

13  Chapter 13 cases even in the absence of evidentiary support or a filed Proof of Claim.

14  That memorandum confirms that such filings may be submitted based purely on client preference

15  or timing advantage, not legal entitlement. These are not hypothetical statements. They are

16

17  signed admissions by Movant's own counsel and posted on the firm's official website. The

18  article is admissible as a party-opponent admission under FRE 801(d)(2) and subject to judicial

19  notice under FRE 201.

20  The tactics described in that article are now visible in this case. Movant's filings follow the exact

21  model outlined by counsel. The Court is not being asked to infer bad faith. It has already been

22

23  acknowledged in writing.

24  **IV. COPIES DO NOT CREATE STANDING AND ROUTINE INDUSTRY PRACTICE**

25  **CANNOT OVERRIDE LAW**

26  In recent years, it has become a common practice in the mortgage industry to rely on photocopies

27  of promissory notes, sometimes stamped or endorsed in blank, rather than producing the original

28

instrument. This practice has crept into courtrooms not because it is lawful, but because it is routine.

However, that practice is not consistent with controlling law. A copy of a note is not a negotiable instrument under UCC Article 3, and it cannot establish standing. Under UCC § 3-309, a party may enforce a lost instrument only by proving prior possession, the circumstances of the loss, and entitlement to enforce. This requires sworn testimony and evidentiary support. None of that has been provided by Movant.

Movant has submitted no original note, no lost note affidavit, and no authenticated assignment history. Nonetheless, it seeks relief from stay, confirmation rulings, and participation in hearings. This conduct disregards the evidentiary rules, the Bankruptcy Code, and the procedural integrity of these proceedings.

Courts are not bound by what is customary in the mortgage industry. They are bound by statute and precedent. Both demand more than what Movant has offered.

**V. THE COURT HAS THE POWER AND THE DUTY TO STRIKE THE FILINGS**

Bankruptcy courts are not powerless in the face of repeated procedural violations. They are charged with ensuring orderly process, evidentiary fairness, and respect for the jurisdiction they exercise.

- Rule 9011(b) prohibits pleadings filed without evidentiary basis or for improper purpose.
- 11 U.S.C. § 105(a) authorizes the Court to issue any order necessary to prevent abuse of process and ensure compliance with the Bankruptcy Code.
- Chambers v. NASCO, Inc., 501 U.S. 32 (1991), reaffirms that federal courts possess inherent power to sanction bad faith conduct that threatens the integrity of judicial proceedings.

1  The record in this case justifies action under each of these authorities.

2  Movant has failed to file a claim, failed to prove ownership, and filed repeated pleadings as if

3  none of that matters. It has done so while refusing to produce core documents. It has relied on

4
   routine, not rule, and on habit, not law. The Court should not allow that pattern to continue.
5

6  **VI. REQUEST FOR RELIEF**

7  For the foregoing reasons, Debtor respectfully requests that this Court:

8     1. Strike all pleadings filed by LPP Mortgage, Inc., including Docket Nos. 24, 33-1, 33-2,
9        and 35;
10
11    2. Bar LPP Mortgage, Inc. from filing any additional pleadings in this case unless and until
12       it files a valid Proof of Claim in compliance with Rule 3001;

13    3. Retain jurisdiction to consider sanctions, referrals, or further remedies as the record may
14       warrant.
15

16 Respectfully submitted,

17 Executed on July 7th, 2025

18
19
   Klara Gianna Gallasz
20
   Debtor, Pro Se
21
   3639 Midway Drive, Unit 408
22
   San Diego, CA 92110
23

24

25

26

27

28

July 7, 2025

Honorable J. Barrett Marum
United States Bankruptcy Court
Southern District of California
325 West F Street
San Diego, CA 92101

Re: Klara Gianna Gallusz
Chapter 13 Bankruptcy Case No. 25-01678-JBM13
Supplemental Filing – Motion to Strike and Related Documents

Dear Hon. Judge J. Barrett Marum and Clerk of Court:

Enclosed for filing in the above-referenced Chapter 13 case are corrected and supplemental documents submitted in response to the Court's Notice of Deficiencies dated July 2, 2025 (Dkt. No. 64), and in support of Debtor's Opposition to the Motion for Relief from Automatic Stay. These materials supplement previously filed documents dated June 30, 2025 (Dkt. No. 54), and are respectfully submitted for the Court's consideration at the hearing scheduled for July 10, 2025.

The enclosed documents include:
1. Notice of Motion and Opportunity for Hearing RE: Debtor's Motion to Strike Filings by LPP Mortgage, Inc. and to Bar Further Pleadings Absent a Proof of Claim
2. Debtor's Motion to Strike Filings by LPP Mortgage, Inc. and to Bar Further Pleadings Absent a Filed Proof of Claim
3. Declaration of Klara Gianna Gallusz in Support of Motion to Strike Filings by LPP Mortgage, Inc. and to Bar Further Pleadings Absent a Filed Proof of Claim
4. Supplemental Declaration of Klara Gianna Gallusz in Support of Opposition of Motion to Relief from Automatic Stay
5. Supplemental Exhibit List In Support of Debtor's Motion to Strike and Supplemental Declaration (Exhibits J–N)
6. [Proposed] Order Granting Motion to Strike Filings by LPP Mortgage, Inc and to Bar Further Pleadings Absent a Filed Proof of Claim
7. Proof of Service (dated July 7, 2025)

Should the Court require any additional materials or clarification, I remain available to respond. Thank you for your attention to this matter.

Respectfully submitted,

Klara Gianna Gallusz
Debtor, Pro Se
3639 Midway Drive, Unit 408
San Diego, CA 92110
619-916-9215