Klara Gianna Gallusz
3639 Midway Drive, Unit 408
San Diego, CA 92110
619-916-9215
Klara Gianna Gallusz, Pro Se

FILED ᵇᶜ

2025 JUL -7 AM 10: 00 bc

CLERK
U.S. BANKRUPTCY CT.
SO DIST. OF CALIF.

# UNITED STATES BANKRUPTCY COURT

# SOUTHERN DISTRICT OF CALIFORNIA

In Re:

KLARA GIANNA GALLUSZ

Debtor:

Case No.: 25-01678-JBM13

Chapter 13

**SUPPLEMENTAL EXHIBIT LIST IN SUPPORT OF DEBTOR'S MOTION TO STRIKE AND SUPPLEMENTAL DECLARATION**

## SUPPLEMENTAL EXHIBIT LIST IN SUPPORT OF DEBTOR'S MOTION TO STRIKE AND SUPPLEMENTAL DECLARATION

This Supplemental Exhibit List supports the Supplemental Declaration filed by Debtor on July 7, 2025, and builds upon the Declaration and Exhibit Index filed on June 30, 2025 (Dkt. No. 54). The exhibit lettering continues sequentially from Exhibit I3 and includes newly developed evidence pertinent to the Motion to Strike Filings by LPP Mortgage, Inc., and the Debtor's Opposition to the Motion for Relief from Automatic Stay.

01678 sup 2
12 bc

1

# EXHIBIT LIST

2

3    **Exhibit**

                                     **Description**

4    **No.**

5

Exhibit J    Notice of Trustee Sale dated April 16, 2025 postponed to April 30, 2025, issued after

6    stay granted in federal case. (Case No. 3:25-cv-00885-JLS-BLM, S.D. Cal.)

7

Exhibit K    Notice of Trustee Sale dated May 7, 2025 postponed to June 11, 2025, during the

8    automatic stay under 11 U.S.C. § 362.

9

Exhibit L    Excerpt from Doc. No. 14 (filed May 2, 2025) in federal case stating LPP will not

10    proceed with foreclosure during automatic stay.

11

Exhibit M    Excerpt from Doc. No. 23 (filed May 15, 2025) in federal case again stating no intent

12    to foreclose under automatic stay.

13

Exhibit N    Excerpt from Doc. No. 24 (filed May 15, 2025) repeating representation that

14    foreclosure will not occur under automatic stay.

15

16    I declare under penalty of perjury under the laws of the United States that the foregoing is true

17    and correct.

18

19    Executed on July 7, 2025.

20    Respectfully submitted,

21

22    Klara Gianna Gallus

23    Debtor, Pro Se

24    3639 Midway Drive, Unit 408

25    San Diego, CA 92110

26

27

28

# EXHIBIT J

Notice of Trustee Sale issued April 16, 2025

Filed by Prober & Raphael on behalf of LPP Mortgage, Inc.

Issued after federal stay was granted on April 15, 2025.

EXHIBIT J

**Prober & Raphael, ALC**
**20750 Ventura Blvd., Suite 108**
**Woodland Hills, California 91364**
**(818) 227-0100**

### NOTICE TO BORROWER OF POSTPONEMENT OF TRUSTEE'S SALE

**April 16, 2025**

Re:    T.S. Number:        **D.077-989**
       Property Address:    **3050 RUE D' ORLEANS**
                            **San Diego, California 92110**

You are hereby notified that the above-referenced Trustee's Sale previously scheduled for **4/16/2025** at **10:30 AM** has been postponed to **4/30/2025** at **10:30 AM** at the place originally set forth in the Notice of Trustee's Sale.

**YOU MAY NOT RECEIVE WRITTEN NOTICE OF POSTPONEMENT EACH TIME THE TRUSTEE'S SALE IS POSTPONED.  TO PROTECT YOUR INTEREST IN THE PROPERTY, IT IS IMPORTANT THAT YOU MONITOR ALL POSTPONEMENTS OF THE TRUSTEE'S SALE.**  You may monitor trustee's sale postponements by attending the scheduled trustee's sale at the place in the notice of trustee's sale and at the date and time in the most recent public declaration of postponement. While a public declaration at the time set for trustee's sale is the official method for postponing a trustee's sale, you can also obtain information about further trustee's sale postponements by calling (855) 986-9342 or through the following website: www.superiordefault.com and by accepting the terms and conditions for that resource. **UNLESS YOU TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE WITHOUT FURTHER NOTICE.**

**For sales conducted after January 1, 2021:**
NOTICE TO TENANT: You may have a right to purchase this property after the trustee auction pursuant to Section 2924m of the California Civil Code. If you are an "eligible tenant buyer," you can purchase the property if you match the last and highest bid placed at the trustee auction. If you are an "eligible bidder," you may be able to purchase the property if you exceed the last and highest bid placed at the trustee auction. There are three steps to exercising this right of purchase. First, 48 hours after the date of the trustee sale, you can call **(855) 986-9342**, or visit this internet website **www.superiordefault.com**, using the file number assigned to this case **D.077-989** to find the date on which the trustee's sale was held, the amount of the last and highest bid, and the address of the trustee. Second, you must send a written notice of intent to place a bid so that the trustee receives it no more than 15 days after the trustee's sale. Third, you must submit a bid so that the trustee receives it no more than 45 days after the trustee's sale. If you think you may qualify as an "eligible tenant buyer" or "eligible bidder," you should consider contacting an attorney or appropriate real estate professional immediately for advice regarding this potential right to purchase.

PROBER AND RAPHAEL, ALC, as authorized agent of the beneficiary

Rita Terzyan
Trustee Sale Technician



# EXHIBIT K

Notice of Trustee Sale issued May 5, 2025

Filed by Prober & Raphael on behalf of LPP Mortgage, Inc.

Issued after Debtor filed Chapter 13 bankruptcy on April 29, 2025, in violation of the automatic stay.

**EXHIBIT K**

**Prober & Raphael, ALC**
**20750 Ventura Blvd., Suite 108**
**Woodland Hills, California 91364**
**(818) 227-0100**

**NOTICE TO BORROWER OF POSTPONEMENT OF TRUSTEE'S SALE**

**May 5, 2025**

Re:     T.S. Number:          **D.077-989**
          Property Address:   **3050 RUE D' ORLEANS**
                                     **San Diego, California 92110**

You are hereby notified that the above-referenced Trustee's Sale previously scheduled for **5/7/2025** at **10:30 AM** has been postponed to **6/11/2025** at **10:30 AM** at the place originally set forth in the Notice of Trustee's Sale.

**YOU MAY NOT RECEIVE WRITTEN NOTICE OF POSTPONEMENT EACH TIME THE TRUSTEE'S SALE IS POSTPONED. TO PROTECT YOUR INTEREST IN THE PROPERTY, IT IS IMPORTANT THAT YOU MONITOR ALL POSTPONEMENTS OF THE TRUSTEE'S SALE.** You may monitor trustee's sale postponements by attending the scheduled trustee's sale at the place in the notice of trustee's sale and at the date and time in the most recent public declaration of postponement. While a public declaration at the time set for trustee's sale is the official method for postponing a trustee's sale, you can also obtain information about further trustee's sale postponements by calling (855) 986-9342 or through the following website: www.superiordefault.com and by accepting the terms and conditions for that resource. **UNLESS YOU TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE WITHOUT FURTHER NOTICE.**

**For sales conducted after January 1, 2021:**
NOTICE TO TENANT: You may have a right to purchase this property after the trustee auction pursuant to Section 2924m of the California Civil Code. If you are an "eligible tenant buyer," you can purchase the property if you match the last and highest bid placed at the trustee auction. If you are an "eligible bidder," you may be able to purchase the property if you exceed the last and highest bid placed at the trustee auction. There are three steps to exercising this right of purchase. First, 48 hours after the date of the trustee sale, you can call **(855) 986-9342**, or visit this internet website **www.superiordefault.com**, using the file number assigned to this case **D.077-989** to find the date on which the trustee's sale was held, the amount of the last and highest bid, and the address of the trustee. Second, you must send a written notice of intent to place a bid so that the trustee receives it no more than 15 days after the trustee's sale. Third, you must submit a bid so that the trustee receives it no more than 45 days after the trustee's sale. If you think you may qualify as an "eligible tenant buyer" or "eligible bidder," you should consider contacting an attorney or appropriate real estate professional immediately for advice regarding this potential right to purchase.

PROBER AND RAPHAEL, ALC, as authorized agent of the beneficiary

Candy Herzog
Trustee Sale Officer



# EXHIBIT L

Excerpt from Doc. No. 14 – Opposition to Plaintiff's Motion for Reconsideration

Case No. 3:25-cv-00885-JLS-BLM (S.D. Cal., filed May 2, 2025)

Highlighted portion shows LPP's statement that it would not proceed with foreclosure during the automatic stay.

EXHIBIT L

1  TROUTMAN PEPPER LOCKE LLP
   Regina J. McClendon (SBN 184669)
2  regina.mcclendon@troutman.com
   Meagan S. Tom (SBN 273489)
3  meagan.tom@troutman.com
   Three Embarcadero Center, Suite 800
4  San Francisco, CA 94111
5  Telephone: (415) 477-5700
   Fax: (415) 477-5710
6
7
   Attorneys for Defendant
8  LPP Mortgage, Inc. f/k/a LPP Mortgage Ltd.
9

10               UNITED STATES DISTRICT COURT
11             SOUTHERN DISTRICT OF CALIFORNIA
12

13  KLARA GIANNA GALLUSZ,          )   CASE NO.: 3:25-cv-00885-JLS-BLM
                                    )
14                                  )
                     Plaintiff,     )
15                                  )   **LPP MORTGAGE, INC.'S**
                                    )   **OPPOSITION TO PLAINTIFF'S**
16      vs.                         )   **MOTION FOR**
                                    )   **RECONSIDERATION**
17  LPP MORTGAGE, INC. F/K/A LPP    )
18  MORTGAGE LTD.,                  )
                                    )   Complaint Filed: April 10, 2025
19                   Defendants.    )
                                    )
20                                  )
                                    )
21

22  **I.    INTRODUCTION**

23        Plaintiff Klara Gianna Gallusz filed for Chapter 13 bankruptcy protection on

24  April 29, 2025, preventing defendant LPP Mortgage, Inc. f/k/a LPP Mortgage Ltd.

25  from moving forward with its May 7, 2025 foreclosure sale. *See* RJN, Exh. 1. While

26  LPP opposes this Motion because Plaintiff does not meet the requirements for

27  reconsideration, it does not intend to proceed with the foreclosure sale until the

28  automatic stay is lifted.

                              1

# EXHIBIT M

Excerpt from Doc. No. 23 – Opposition to Motion to Strike Redacted Exhibits

Case No. 3:25-cv-00885-JLS-BLM (S.D. Cal., filed May 15, 2025)

Highlighted portion shows LPP's statement that it would not proceed with foreclosure during the automatic stay.

**EXHIBIT M**

1   chain of title." *See generally*, Dkt. 20.  Plaintiff's Motion should be denied for

2   multiple reasons.[1]

3        First, the redactions Plaintiff complains of were proper.  LPP redacted, in part,

4   loan numbers that appeared on some exhibits.  These redactions are required by the

5   Court.  The Electronic Case Filing Administrative Policies and Procedures Manual for

6   the United States District Court for the Southern District of California, Section

7   1(h)(4), requires, unless otherwise ordered by the court, that financial account

8   numbers be partially redacted "from all pleadings and documents filed with the court

9   including exhibits thereto."  The only information LPP partially redacted from the

10   Request for Judicial Notice exhibits was the loan numbers (and the MIN number

11   containing the loan number), as required.  The Court has not ordered that LPP file the

12   exhibits unredacted.  Thus, the partial redactions were proper.[2]

13        Second, to the extent this Motion is being brought under Rule 12(f), it must be

14   denied, as Rule 12(f) applies to pleadings, not requests for judicial notice.  Rule 12(f)

15   of the Federal Rules of Civil Procedure permits a court to "strike from a ***pleading*** an

16   insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

17   Emphasis added.  Under Rule 7(a), a pleading is defined as "(1) a complaint; (2) an

18   answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim;

19   (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-

20

---

21   [1] Plaintiff filed for Chapter 13 bankruptcy protection on April 29, 2025, preventing

22   LPP from moving forward with its May 7, 2025 foreclosure sale.  It is well settled that defending oneself in a lawsuit filed by a debtor does not violate the automatic stay.

23   *See White v. City of Santee*, 186 B.R. 700, 704 (B.A.P. 9th Cir. 1995); *accord In re*

24   *Merrick*, 175 B.R. 333, 336 (9th Cir. BAP 1994)("... we could find no case that supports the proposition that the automatic stay prevents a defendant from continuing

25   to defend against a pre-bankruptcy lawsuit.  To the contrary, there is substantial

26   authority that the stay is inapplicable to postpetition defensive action in a prepetition suit brought by the debtor.").  Thus, while LPP continues defending itself in this

27   lawsuit, it does not intend to proceed with the foreclosure sale or seek to collect on the

28   debt while the automatic stay is in effect.
  [2] Should the Court request unredacted versions of the exhibits, LPP will provide them.

2

# EXHIBIT N

Excerpt from Doc. No. 24 – Opposition to Motion to Compel Production of the Original Note

Case No. 3:25-cv-00885-JLS-BLM (S.D. Cal., filed May 15, 2025)

Highlighted portion shows LPP's statement that it would not proceed with foreclosure during the automatic stay.

**EXHIBIT N**

1   preclude [sic] foreclosure absent proof of enforcement rights as defined by law." Dkt.

2   18, 1:27-2:3. Plaintiff's Motion should be denied for multiple reasons.[1]

3        First, discovery has not opened. Rule 26(d) of the Federal Rules of Civil

4   Procedure prohibits a party from seeking discovery "from any source before the

5   parties have conferred as required by Rule 26(f)" unless the proceeding is exempted

6   from the initial disclosure requirements by Rule 26(a)(1)(B).[2] No Rule 26(f)

7   conference has occurred. *See* Declaration of Regina J. McClendon ("McClendon

8   Decl.,"), ¶ 2. Thus, the Motion should be denied, given LPP is not currently under

9   any obligation to respond to discovery.

10        Second, Plaintiff has not served any formal discovery. Plaintiff's mistaken

11   belief that her multiple demands outside of litigation for LPP to "produce the original

12   note" for her inspection cannot serve as the basis for her Motion or demand for

13   sanctions. It is well settled that a motion to compel under Rule 37 can only be

14

---

15   [1] Plaintiff filed for Chapter 13 bankruptcy protection on April 29, 2025, preventing
16   LPP from moving forward with its May 7, 2025 foreclosure sale. It is well settled that
     defending oneself in a lawsuit filed by a debtor does not violate the automatic stay.
17   *See White v. City of Santee*, 186 B.R. 700, 704 (B.A.P. 9th Cir. 1995); *accord In re*
18   *Merrick*, 175 B.R. 333, 336 (9th Cir. BAP 1994)("... we could find no case that
     supports the proposition that the automatic stay prevents a defendant from continuing
19   to defend against a pre-bankruptcy lawsuit. To the contrary, there is substantial
20   authority that the stay is inapplicable to postpetition defensive action in a prepetition
     suit brought by the debtor."). Thus, while LPP continues defending itself in this
21   lawsuit, it does not intend to proceed with the foreclosure sale or seek to collect on the
22   debt while the automatic stay is in effect.
     [2] Rule 26(a)(1)(B) lists certain proceedings as exempt from initial disclosure which
23   include: (i) an action for review on an administrative record; (ii) a forfeiture action in
24   rem arising from a federal statute; (iii) a petition for habeas corpus or any other
     proceeding to challenge a criminal conviction or sentence; (iv) an action brought
25   without an attorney by a person in the custody of the United States, a state, or a state
26   subdivision; (v) an action to enforce or quash an administrative summons or
     subpoena; (vi) an action by the United States to recover benefit payments; (vii) an
27   action by the United States to collect on a student loan guaranteed by the United
28   States; (viii) a proceeding ancillary to a proceeding in another court; and (ix) an action
     to enforce an arbitration award. None of these exceptions apply.

2