TENTATIVE RULING

ISSUED BY JUDGE J. BARRETT MARUM

| | |
|---|---|
| Bankruptcy Case Name: | Klara Gianna Gallusz |
| Bankruptcy Number: | 25-01678-JBM13 |
| Hearing: | 07/10/2025 10:00 AM |
| Motion: | MOTION FOR RELIEF FROM STAY, RS # DWE-1 FILED ON BEHALF OF LPP MORTGAGE, INC., F/K/A LPP MORTGAGE LTD. |

**GRANT** stay relief under Section 362(d)(1).  LLP Mortgage, Inc. f/k/a LLP Mortgage Ltd.'s ("Movant") motion for stay relief seeks relief under 11 U.S.C. § 362(d)(1) and § 362(d)(4) on the grounds that the Debtor filed in this case in bad faith and as part of a scheme to hinder, delay or defraud Movant.  The Debtor opposes stay relief on several grounds, including that Movant lacks standing, there is no case or controversy, Movant has not filed a proof of claim and Movant has not proven it owns the note.

The Court may easily dispense with the Debtor's arguments.  Movant's motion and the associated declaration adequately demonstrate Movant's standing and possession of the note.  Movant has now filed a proof of claim; even if Movant had not done so, the Bankruptcy Code does not require Movant to file a claim prior to bringing a stay relief motion.  Finally, the Debtor's position that there is no case or controversy is nonsensical -- if Movant desires to proceed with its foreclosure, it must first obtain stay relief, which it has sought by way of its motion.

It is also readily apparent from Movant's motion that the Debtor has not filed this case in good faith.  The Ninth Circuit has stated that a "debtor's lack of good faith in filing a bankruptcy petition has often been used as cause for removing the automatic stay." *In re Arnold*, 806 F.2d 937, 939 (9th Cir. 1986) (*citing Matter of Littlecreek Development Co.*, 779 F.2d 1068, 1071 (5th Cir. 1986)); *see also In re Can-Alta Properties, Ltd.*, 87 B.R. 89, 91 (B.A.P. 9th Cir. 1988) (explaining that it "is well established that a lack of good faith constitutes 'cause' for lifting the stay").  To determine whether good faith exists, courts depend upon "an amalgam of factors and not upon a specific fact." *Id.*  In the Ninth Circuit, bankruptcy courts specifically "examine the debtor's financial status, motives, and the local economic environment." *Id.*  The debtor bears the burden of proof that the petition was filed in good faith. *In re ACI Sunbow, LLC*, 206 B.R. 213, 217 (Bankr. S.D. Cal. 1997); *see also* 11 U.S.C. § 362(g) (stating that the debtor carries the burden of proof on all issues other than the debtor's equity in the property).  The Debtor made no effort to demonstrate in her opposition that she filed this case in good faith and Movant's motion makes it plain that she did not.  Stay relief is therefore appropriate under Section 362(d)(1).

While the Court will grant stay relief under Section 362(d)(1), the Court is reluctant to grant *in*

*rem* stay relief under Section 362(d)(4).  *In rem* stay relief is an extraordinary remedy that the Court uses sparingly.  While Movant is correct that the Debtor has filed numerous bankruptcy cases impacting the property, all of those prior cases are quite old and in the most recent one the Debtor confirmed a Chapter 13 plan, successfully completed it and received a discharge.  Surely Movant does not contend that a successful Chapter 13 bankruptcy case was part of a scheme to delay, hinder or defraud creditors.  Likewise, it is unclear to the Court how the Debtor's transfer of the property to the Libertas Trust more than a year before she filed this bankruptcy case is connected to this case and a scheme to hinder, delay or defraud Movant.  If following the transfer, the Libertas Trust commenced its own bankruptcy proceedings to block the foreclosure sale, then the Court's view might be different, however, the Court can find no record of any such filing.  Without more, the Court is not inclined to grant stay relief under Section 362(d)(4).

Finally, the Court notes that the Debtor filed a Reply to the Movant's Reply to the Opposition. (ECF No. 53.)  This filing represents a response to a reply without leave of Court in violation of Local Rule 9013-6(c), and as such, the Court does not intend to consider it in connection with its ruling on the stay relief motion.  Additionally, the Debtor filed a number of other documents after Movant filed its reply (ECF No. 55, 57, 58, 59, 68, 69, 70) which the Court also does not intend to consider in connection with its ruling on this stay relief motion because all of these filings appear to be motions for which the Debtor must obtain hearing dates and provide the required notice, which she has not done.  The Court also notes that many of them appear to be duplicate filings and they repeat the arguments the Debtor made in her opposition, which the Court does not find persuasive as discussed above.